Filed 5/13/25  P. v. Burns CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JASON DEAN BURNS,<br><br>    Defendant and Appellant. | G064486<br><br>(Super. Ct. No. 05NF4198)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila F. Hanson, Judge. Reversed and remanded.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Donald

W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

THE COURT:*

In 2008, defendant Jason Dean Burns pleaded guilty to home invasion robbery in concert (Pen. Code, §§ 211, 212.5, subd. (a), 213, subd. (a)(1); count 1),[1] assault with a firearm (§ 245, subd. (a)(2); count 2), two counts of street terrorism (§ 186.22, subd. (a); counts 3 & 7), and felonious assault (§ 245, subd. (a)(1); count 6).

As to count 1, defendant admitted a firearm enhancement (§ 12022.53, subd. (b)). As to counts 1, 2, and 6, defendant admitted he committed the offenses in furtherance of a criminal street gang (§ 186.22, subd. (b)). Finally, defendant admitted he had two prior convictions that qualified as prison priors pursuant to section 667.5, subdivision (b).

Following his guilty plea, the trial court sentenced defendant to 23 years 6 months in state prison, a term which included two years for the prison prior allegations.

Recently, the court recalled defendant's sentence and resentenced him pursuant to section 1172.75. The court imposed a sentence of 21 years 8 months, striking the two prison prior enhancements (one year each) but also adding two months to the gang enhancement on count 6 (based on the discovery of an error in defendant's favor at the original sentencing).

Disagreeing with defendant's written motion for resentencing, the court ruled that it lacked "jurisdiction" to apply an ameliorative

---

*Before Sanchez, Acting P. J., Delaney, J., and Scott, J.

[1] All statutory references are to the Penal Code.

amendment to the street terrorism substantive offenses and enhancements (§ 186.22) brought about by Assembly Bill No. 333 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 699, § 4; Assem. Bill No. 333).

Defendant contends and the People concede the court erred at the resentencing hearing. In addition to striking prior prison enhancements from the judgment, the court was obligated to "apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The court wrongly concluded it could not apply Assem. Bill No. 333 following the recall of defendant's sentence. (See *People v. Lopez* (2025) 17 Cal.5th 388, 392–393 [applying changes to § 186.22 to nonfinal judgment on limited resentencing remand]; *People v. Salgado* (2022) 82 Cal.App.5th 376, 378 [applying Assem. Bill No. 333 changes following recall of sentence for resentencing pursuant to § 1172.1].)

We agree the court erred by refusing to entertain defendant's argument that Assem. Bill No. 333 should result in a more favorable outcome as to the street terrorism convictions and enhancements. Due to the nature of the court's ruling and the parties' briefing, it is premature for this court to assess the effect, if any, application of Assem. Bill No. 333 will have on defendant's convictions and sentence.

The judgment is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.